MOORE v. THE SOUTHERN MUTUAL B. & L. ASSOCIATION.

McNAB v. SAME.

B. & L. ASSOCIATION—REMEDY—STOCKHOLDER.—When a member of a building and loan association, in accordance with the by-laws, gives notice of withdrawal and acceptance of the money value of his stock, his membership in the association terminates, and he may sue the association for the withdrawal value of his stock.

Before TOWNSEND, J., Barnwell, February, 1897. Affirmed.

The following is the complaint in the first stated action: "W. C. Hale, president; H. P. Williams, secretary. The Southern Mutual Building and Loan Association. Home office, Atlanta, Ga. Atlanta, Ga., August 7, 1896. Statement. Withdrawal of stock held by W. W. Moore, Barnwell, S. C. Cert. 6293; series 35; shares 10. Amount of dues paid to date, fifty months, $300. Dues for August and two adv. months, unpaid, $18—total amount if paid to date, $318. Less expense fund, ten cents per share per month. Amount paid, dues, $318. Interest at three per cent. per annum for average time, $18.37—$336.37. Less dues for months, three months, if unpaid, $18. Less fines for three months, if unpaid, $3—$21. Net amount of withdrawal this date, $315.37. Extract from 'terms and conditions:' A member wishing to withdraw his shares must give the association notice of such withdrawal. No certificate can be withdrawn unless paid to date. No interest paid on withdrawals unless the stock has been in force two years. Very truly yours, H. P. Williams, secretary, per Meador. A true copy."

1. That the defendant is now, and was at the times hereinafter mentioned, a corporation duly organized and chartered under the laws of the State of Georgia. 2. That the defendant has for some years been doing a building and loan business in this State, and has been selling stock to be matured on the instalment plan by making monthly payments as provided in the by-laws of said association. Art. 1, sec. 3, of the by-laws of said association provides: The capital stock of this association shall consist of 50,000 shares of the par value of $100 each, at maturity, to be paid in monthly instalments of $1 for the first month membership fee, and sixty cents per share for each successive month thereafter until the maturity of stock. No member shall hold less than five shares of said stock. Art. 4, sec. 2, provides: Each stockholder for each and every share held by him or her shall pay the sum of $1 per share membership fee, and the sum of sixty cents per month on the first of each month thereafter until maturity of shares.

Art. 4, sec, 4, provides: Every stockholder shall receive from the secretary a certificate of stock, signed by the secretary and the president.    Sec. 5 provides: Any member being six months in arrears, such stock shall lapse without notice, and all payments thereon shall be forfeited to the association.    The board of directors may, in their discretion, reinstate such stock.    Sec. 6 provides: If a member dies, his legal representatives may withdraw his shares at any time and receive the money paid into the loan fund on such shares.    In no other case can a share be withdrawn until after one year from the date of the certificate.    At any time after one year, and before two years, a certificate may be returned and the member will be entitled for his share of the money paid into the loan fund.    At any time after two years, and before maturity of stock, a member will be entitled to withdraw his stock and receive the money paid into the loan fund, and not less than six per cent. interest thereon for the average time.    No certificate can be withdrawn unless paid to date.    A withdrawal fee of fifty cents per share will be charged on all stock withdrawn, provided no charge exceeds $5.    A member desiring to withdraw his shares must give the association sixty days notice of such withdrawal.    3. That heretofore, on the        day of        , 1892, the plaintiff subscribed to ten shares of stock of said association, certificate No. 6283, series 5, and made the regular monthly payments thereon, as required by said association, for fifty-three consecutive months, and all their fees and dues, as required by said defendant, and as required in its by-laws.    4. That under the by-laws of said association a stockholder could surrender his stock at any time after two years from the date of his certificate of stock, provided all the payments had been made to the association, as required by the by-laws of same, and take the withdrawal value thereof in cash.    5. That on the        day of October, 1896, more than sixty days from date hereof, the plaintiff being desirous of surrendering his stock and taking the withdrawal value thereof in cash, and in pursuance of such

determination, the plaintiff gave the defendant, on the
day of October, 1896, notice that he would withdraw from
the association, and take the value of his stock in cash.
The plaintiff further alleges that he surrendered his stock
to the defendant on the      day of October, 1896, and then
demanded the withdrawal value thereof, which amounts
on October     , 1896, to the sum of $336.37, as appears from
statement of defendant, a copy of which is annexed hereto
as a part and parcel of this complaint.  6.  That defendant
has failed to pay over to plaintiff the sum of $336.37, with-
drawal value of said stock, notwithstanding more than sixty
days have elapsed since demand for withdrawal, and that
the defendant is now justly due and owing to the plaintiff
said amount.  7.  That said association has failed and
become insolvent, and, as this plaintiff is informed and
believes, has been put in the hands of a receiver in the
State of Georgia.   That the defendant has property in this
State, and that J. Allen Tobin is a resident agent of said
association at Barnwell, S. C.   Wherefore, the plaintiff
prays judgment against the defendant for the sum of $336.37,
and for the costs of this action.

From judgment for plaintiff defendant appeals.

*Messrs. Patterson & Holman*, for appellant.

*Mr. R. C. Holman*, contra, cites: 33 S. W., 389; 85 Pa.
St., 394.

July 14, 1897.  The opinion of the Court was delivered by
MR. CHIEF JUSTICE MCIVER.   These two cases being
practically identical, so far as the facts are concerned, were
heard and will be considered together.   The complaints set
forth fully the facts out of which the controversies arise,
and as it is stated in the "Case" that such facts were sub-
stantially proved on the trial, the allegations of the com-
plaints will be taken as true.   For a full understanding of
these facts, one of the complaints should be incorporated in

the report of the case. It will, therefore, be sufficient to state here, in general terms, that these actions were commenced on the 8th of February, 1897, and at the same time attachments were issued against the assets of the association found in this State, and were served upon the defendant, J. Allen Tobin, a resident agent of the association at Barnwell, South Carolina. The object of the action was to recover the withdrawal value of the stock of the plaintiff, as ascertained by a statement furnished by the proper officer of the association, and appended to the complaint, under the provisions of the by-laws, set forth in the complaint, which was duly complied with. It is stated in the "Case" that after the commencement of the action, to wit: on the 12th of February, 1897, a temporary receiver of the defendant association was appointed, and subsequently, to wit: on the 8th of March, 1897, the defendant, J. Allen Tobin, was appointed permanent receiver of said association, and by an order of the Court of Common Pleas for Barnwell County he was required to intervene and defend these actions. In accordance with this order, the said receiver filed his answer in both of the cases, in which he denied all the allegations contained in the complaints. After the plaintiffs had proved substantially the allegations of their complaints, the said defendant moved for a nonsuit, upon the ground that the plaintiffs, being stockholders in the said association, could not maintain these actions against the association of which they were members; contending that the mere fact that these plaintiffs had surrendered their certificates of stock and demanded the withdrawal value of their stock in money, as allowed by the by-laws of the association, did not change the relations of the parties to that of debtor and creditor, but that the plaintiffs still remain members and stockholders of said association.

The motions for nonsuit were refused by his Honor, Judge Townsend, and the cases were presented to the jury, who found verdicts in each of the cases for the withdrawal value of the stock of the plaintiffs respectively, and judg-

ments having been entered in accordance with these verdicts, defendants appealed upon the following grounds: "1. Because his Honor erred in refusing defendant's motion for a nonsuit, as it is respectfully submitted that the same should have been sustained or granted, as it appeared from the evidence of the plaintiff that he was a stockholder of the defendant association, and as such could not maintain this action. 2. Because the relation of debtor and creditor was not established between the plaintiffs and defendant association by reason of the fact that he had surrendered his stock and given notice of sixty days to take the withdrawal thereof in cash."

It seems to us clear that the view taken by the Circuit Judge was strictly in conformity with the contract of the parties as set forth in the complaint, the allegations of which are admitted to be true; and that any other view would make the contract a mere delusion and a fraud. This view is fully supported by the authorities cited by respondent's counsel, only one of which it is deemed necessary to reproduce here. In 2 Am. & Eng. Enc. of Law, 1st edition, at page 625, we find the following language: "Acceptance of notice of withdrawal terminates membership in the association; the member at once assumes the position of a creditor, and may recover the amount due in *assumpsit*, but the judgment and the execution will be controlled by the Court as justice and right may require."

The position taken by counsel for appellant, that the plaintiffs still remain stockholders until their certificates were actually cancelled, is manifestly untenable. After the plaintiffs had done all that they were required to do to entitle them to claim the withdrawal value of their stock, the association certainly could not be allowed to defeat such claim by delaying or refusing to formally cancel the certificates of stock.

The judgment of this Court is, that the judgment of the Circuit Court in each of the cases mentioned in the title of this opinion be affirmed.